BETSY C. MANIFOLD (SBN 182450)
RACHELE R. BYRD (SBN 190634)
MARISA C. LIVESAY (SBN 223247)
BRITTANY N. DEJONG (SBN 258766)
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHIVA STEIN, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934** |
| PACIFIC MERCANTILE BANCORP, DENIS P. KALSCHEUR, JAMES F. DEUTSCH, BRAD R. DINSMORE, MANISH DUTTA, SHANNON F. EUSEY, MICHAEL P. HOOPIS, ANNE MCCALLION, MICHELE S. MIYAKAWA, DAVID J. MUNIO, and STEPHEN P. YOST, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Shiva Stein ("Plaintiff"), by her attorneys, makes the following allegations against Pacific Mercantile Bancorp ("Pacific Mercantile" or the "Company") and the members of the board of directors of Pacific Mercantile (the "Board" or "Individual Defendants," along with Pacific Mercantile, collectively referred to as the "Defendants"), for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), SEC Rule 14a-9, 17 C.F.R. 240.14a-9, and Regulation G, 17 C.F.R. § 244.100 in connection with the proposed acquisition (the "Proposed Transaction") of Pacific Mercantile by affiliates of Banc of California, Inc. ("Banc of California"). The allegations in this complaint are based on the personal knowledge of Plaintiff as to herself and on information and belief (including the investigation of counsel and review of publicly available information) as to all other matters stated herein.

## INTRODUCTION

1. This is an action brought by Plaintiff to enjoin a transaction whereby Pacific Mercantile will merge with and into Banc of California, with Banc of California surviving the merger (the "Proposed Transaction"). Pursuant to the Merger Agreement, Pacific Mercantile shareholders will receive 0.50 of a share of Banc of California Common Stock (hereinafter, the "Exchange Ratio") (the "Merger Consideration"). The Board has unanimously recommended to the Company's stockholders that they vote for the Proposed Transaction at the special meeting of the Pacific Mercantile shareholders. Pacific Mercantile shareholders will own approximately 19% of the post-transaction entity and Banc of California shareholders will own 81% of the post-transaction entity.

2. To convince Pacific Mercantile stockholders to vote in favor of the Proposed Transaction, on April 30, 2021, the Board authorized the filing of a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") with the Securities and Exchange Commission ("SEC"). The Registration Statement violates Sections 14(a) and 20(a) of the Exchange Act by

- 1 -

noncompliance with Regulation G and SEC Rule 14a-9 (17 C.F.R. § 244.100 and 17 C.F.R. § 240.14a-9, respectively).

3. Defendants have failed to disclose certain material information necessary for Pacific Mercantile stockholders to properly assess the fairness of the Proposed Transaction, thereby violating SEC rules and regulations and rendering certain statements in the Registration Statement materially incomplete and misleading.

4. In particular, the Registration Statement contains materially incomplete and misleading information concerning the financial forecasts for the Company prepared and relied upon by the Board in recommending to the Company's stockholders that they vote in favor of the Proposed Transaction. The same forecasts were used by Pacific Mercantile's financial advisor, Keefe, Bruyette & Woods, Inc. ("KBW"), in conducting its valuation analyses in support of its fairness opinion. The Registration Statement also contains materially incomplete and misleading information concerning certain financial analyses performed by the financial advisors.

5. The material information that has been omitted from the Registration Statement must be disclosed prior to the forthcoming stockholder vote in order to allow the stockholders to make an informed decision regarding the Proposed Transaction.

6. For these reasons, and as set forth in detail herein, Plaintiff asserts claims against Defendants for violations of Sections 14(a) and 20(a) of the Exchange Act, based on Defendants' violations of Regulation G and Rule 14a-9. Plaintiff seeks to enjoin Defendants from holding the stockholders vote on the Proposed Transaction and taking any steps to consummate the Proposed Transaction unless, and until, all material information discussed below is disclosed to Pacific Mercantile stockholders sufficiently in advance of the vote on the Proposed Transaction or, in the event the Proposed Transaction is consummated without corrective disclosures, to recover damages resulting from Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act.

8. This Court has personal jurisdiction over each defendant named herein because each defendant is either a corporation that does sufficient business in California or an individual who has sufficient minimum contacts with California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice. Pacific Mercantile is incorporated in the State of California.

9. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Pacific Mercantile is headquartered in this District.

## PARTIES

10. Plaintiff has owned the common stock of Pacific Mercantile since prior to the announcement of the Proposed Transaction herein complained of and continues to own this stock.

11. Pacific Mercantile is a corporation duly organized and existing under the laws of California and maintains its principal offices in Costa Mesa, California. Pacific Mercantile is, and at all relevant times hereto was, listed and traded on the NASDAQ Stock Exchange under the symbol "PMBC."

12. Defendant Denis P. Kalscheur has been a member of the Board since February 2015 and is the Chairman of the Board.

13. Defendant James F. Deutsch has been a member of the Board since November 2018.

14. Defendant Brad R. Dinsmore has been a member of the Board, President, and Chief Executive Officer since 2019.

- 3 -

15. Defendant Manish Dutta has been a member of the Board since November 2019.

16. Defendant Shannon F. Eusey has been a member of the Board since May 2019.

17. Defendant Michael P. Hoopis has been a member of the Board since 2012.

18. Defendant Anne McCallion has been a member of the Board since September 2020.

19. Defendant Michele S. Miyakawa has been a member of the Board since May 2019.

20. Defendant David J. Munio has been a member of the Board since December 2015.

21. Defendant Stephen P. Yost has been a member of the Board since 2013.

22. The Defendants referred to in paragraphs 12-21 are collectively referred to herein as the "Individual Defendants" and/or the "Board."

23. The Defendants referred to in paragraphs 11-21 are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

*The Proposed Transaction*

24. On March 22, 2021, Pacific Mercantile and Banc of California jointly announced that it had entered into the Agreement and Plan of Merger (the "Merger Agreement"):

> SANTA ANA, Calif.--(BUSINESS WIRE)--Banc of California, Inc. (NYSE: BANC) (the "Company", "Banc of California", "we", "us" or "our"), the holding company of Banc of California, N.A., and Pacific Mercantile Bancorp (NASDAQ: PMBC) ("Pacific Mercantile"), the holding company of Pacific Mercantile Bank, today announced they have entered into a definitive agreement and plan of merger under

which Pacific Mercantile will merge into Banc of California in an all-stock transaction valued at approximately $235 million, or $9.77 per share, based on the closing price for Banc of California's common stock of $19.54 as of March 22, 2021. Banc of California expects the transaction to be 12.9% accretive to EPS in 2022 with a 2.3 year earnback period to tangible book value per share based on a conservative and achievable cost savings estimate of approximately 35%.

Pacific Mercantile Bancorp is a commercial bank headquartered in Costa Mesa, California with $1.6 billion in total assets, $1.2 billion in gross loans, and $1.4 billion in total deposits as of December 31, 2020. Pacific Mercantile had $229.7 million in Paycheck Protection loans outstanding at December 31, 2020. Pacific Mercantile operates seven banking offices, including three full service branches, located throughout Southern California. The transaction will increase Banc of California's total assets to approximately $9.5 billion on a pro forma basis as of December 31, 2020.

Jared Wolff, President and Chief Executive Officer of Banc of California, commented, "We are excited to welcome Pacific Mercantile's clients and colleagues into our banking family. Pacific Mercantile's talented team has built an attractive roster of operating company clients, and we look forward to serving them with high-touch relationship banking."

"Pacific Mercantile is a strong strategic fit for Banc of California," continued Mr. Wolff. "Their size, business focus, and deposit profile

perfectly align with our existing operations, and will accelerate our growth and operating scale in key markets. Our similar market footprint, corporate cultures, and commitment to helping our clients succeed should lead to a smooth and successful transaction and integration. We believe the compelling economics of the transaction will deliver value for both Banc of California and Pacific Mercantile shareholders."

Pacific Mercantile President and Chief Executive Officer Brad R. Dinsmore added, "Banc of California is a great merger partner for Pacific Mercantile given our shared focus on business and relationship banking. Like Pacific Mercantile, Banc of California has become an attractive choice for small- and middle-market operating companies with a strong emphasis on service and solutions. Our customers will benefit from the greater range of services, capital and resources the combined company will be able to offer, while they receive the same high quality, personalized service they have always enjoyed."

***Transaction Details***

Under the terms of the definitive agreement, which was approved by the Board of Directors of both companies, holders of Pacific Mercantile common stock will receive 0.5 shares of Banc of California common stock for each share of Pacific Mercantile common stock they own. Existing Banc of California stockholders will own approximately 81% of the outstanding shares of the combined company and Pacific Mercantile shareholders are expected to own approximately 19%. The transaction is expected to close in the third quarter of 2021, subject to satisfaction of customary closing conditions, including regulatory

approvals and shareholder approvals from Banc of California and Pacific Mercantile shareholders. Pacific Mercantile directors who own shares of Pacific Mercantile common stock and certain shareholders have entered into agreements with Banc of California pursuant to which they have committed to vote their shares of Pacific Mercantile common stock in favor of the transaction. Banc of California directors who own shares of Banc of California common stock and certain stockholders have entered into agreements with Pacific Mercantile pursuant to which they have committed to vote their shares of Banc of California common stock in favor of the transaction.

Piper Sandler & Co. acted as financial advisor to Banc of California in the transaction and delivered a fairness opinion to the Board of Directors of Banc of California. Sullivan & Cromwell LLP served as legal counsel to Banc of California. Keefe, Bruyette & Woods, Inc., *a Stifel Company*, acted as financial advisor to Pacific Mercantile and delivered a fairness opinion to the Board of Directors of Pacific Mercantile. Sheppard, Mullin, Richter & Hampton LLP served as legal counsel to Pacific Mercantile.

* * *

**The Materially Misleading and Incomplete Solicitation Statement**

25. On April 30, 2021, Defendants caused the Registration Statement to be filed with the SEC in connection with the Proposed Transaction. The Registration Statement solicits the Company's shareholders to vote in favor of the Proposed Transaction. Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material

information that is necessary for the Company's shareholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Financial Forecasts*

26. The Registration Statement fails to disclose forecasts for both Pacific Mercantile and Banc of California (the "Projections"). The Projections were prepared by each company's management and relied upon by the Board in recommending that the shareholders vote in favor of the Proposed Transaction. These financial forecasts were also relied upon by the Company's financial advisor, KBW and Banc of California's financial advisor, Piper Sandler, in rendering their fairness opinions.

27. With respect to the Banc of California Management Projections, the Registration Statement fails to provide: (i) mean analyst earnings per share estimates for BOC for the years ending December 31, 2021 and December 31, 2022 with an estimated long-term annual asset and earnings per share growth rate for BOC for the years ending December 31, 2023, December 31, 2024 and December 31, 2025; (ii) estimated dividends per share for BOC for the years ending December 31, 2021 through December 31, 2025, as provided by the senior management of BOC; (iii) mean analyst net income estimates for PMB for the years ending December 31, 2021 and December 31, 2022; (iv) estimated long-term annual asset and earnings per share growth rate for the years ending December 31, 2023, December 31, 2024 and December 31, 2025 and estimated dividends per share for PMB for the years ending December 31, 2021 through December 31, 2025, as provided by the senior management of BOC.

28. With respect to the Pacific Mercantile Management Projections, the Registration Statement fails to provide: (i) consensus "street estimates" of Pacific Mercantile; (ii) assumed long-term Pacific Mercantile growth rates provided to KBW by Company management; (iii) consensus "street estimates" of Banc of California;

(iv) assumed long-term Banc of California growth rates provided to KBW by Banc of California management; (v) estimates regarding certain pro forma financial effects of the merger on Banc of California; (vi) the Company's estimated calendar year 2021 earnings per share; (vii) the Company's estimated calendar year 2022 earnings per share.

29. The above metrics were used by KBW to conduct its financial analyses and therefore material and crucial for Company stockholders to have the information in order to decide whether to vote for the Proposed Transaction.

*Financial Analyses*

30. With respect to *PMB Selected Companies Analysis*, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by KBW in the analysis.

31. With respect to *BOC Selected Companies Analysis*, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by KBW in the analysis.

32. With respect to *Selected Transactions Analysis*, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by KBW in the analysis.

33. With respect to *Financial Impact Analysis*, the Registration Statement fails to disclose (i) closing balance sheet estimates as of September 30, 2021 for Banc of California and the Company; (ii) calendar year 2021 and 2022 earnings per share "street estimates" for Banc of California and the Company; and (iii) pro forma assumptions provided by Banc of California management.

34. With respect to *PMB Dividend Discount Model Analysis*, the Registration Statement fails to disclose: (i) consensus "street estimates" for Pacific Mercantile; (ii) long-term growth rates for the Company provided by management; (iii) the inputs and assumptions for using discount rates ranging from 11.0% to 15.0%; (iv) the present value of implied future excess capital available for dividends

that the Company could generate over the period from December 31, 2020 through December 31, 2025 as a standalone company; (v) the present value of the Company's implied terminal value at the end of December 31, 2025; (vi) the basis for assuming that the Company would maintain a tangible common equity to tangible assets ratio of 8.00% and would retain sufficient earnings to maintain that level; (vii) Pacific Mercantile's estimated 2026 earnings; and (viii) the basis for applying a range of 11.0x to 15.0x to Company's estimated 2026 earnings.

35. With respect to *BOC Dividend Discount Model Analysis*, the Registration Statement fails to disclose: (i) consensus "street estimates" for Banc of California; (ii) long-term growth rates for Banc of California provided by management; (iii) the inputs and assumptions for using discount rates ranging from 9.0% to 13.0%; (iv) the present value of implied future excess capital available for dividends that Banc of California could generate over the period from December 31, 2020 through December 31, 2025 as a standalone company; (v) the present value of Banc of California's implied terminal value at the end of December 31, 2025; (vi) the basis for assuming that Banc of California would maintain a tangible common equity to tangible assets ratio of 8.00% and would retain sufficient earnings to maintain that level; (vii) Banc of California's estimated 2026 earnings; (viii) the basis for applying a range of 15.0x to 19.0x to Company's estimated 2026 earnings.

36. With respect to *Pro Forma Dividend Discount Model Analysis*, the Registration Statement fails to disclose: (i) consensus "street estimates" for Pacific Mercantile and Banc of California; (ii) long-term growth rates for Pacific Mercantile and Banc of California provided by both companies' management; (iii) the inputs and assumptions for using discount rates ranging from 9.0% to 13.0%; (iv) the present value of implied future excess capital available for dividends that the pro forma company could generate over the period from December 31, 2020 through December 31, 2025 as a standalone company; (v) the present value of the pro forma company's implied terminal value at the end of December 31, 2025; (vi) the basis for assuming

that the pro forma company would maintain a tangible common equity to tangible assets ratio of 8.00% and would retain sufficient earnings to maintain that level; (vii) pro forma combined entity's estimated 2026 earnings; (viii) the basis for applying a range of 15.0x to 19.0x to the estimated 2026 earnings.

37. With respect to the retention of KBW as the Company's financial advisor, the Registration Statement fails to disclose the amount of compensation paid to KBW for the investment banking and financial advisory services to Banc of California in the past two years preceding the date of its fairness opinion.

38. Absent disclosure of the foregoing material information prior to the special shareholder meeting to vote on the Proposed Transaction, Plaintiff will not be able to make a fully informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

### FIRST CAUSE OF ACTION
**(Against All Defendants for Violations of Section 14(a) of the Exchange Act and 17 C.F.R. § 244.100 Promulgated Thereunder)**

39. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

40. Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy statement or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

41. As set forth above, the Registration Statement omits information required by SEC Regulation G, 17 C.F.R. § 244.100, which independently violates

Section 14(a). SEC Regulation G, among other things, requires an issuer that chooses to disclose a non-GAAP measure to provide a presentation of the "most directly comparable" GAAP measure, and a reconciliation "by schedule or other clearly understandable method" of the non-GAAP measure to the "most directly comparable" GAAP measure. 17 C.F.R. § 244.100(a).

42. The failure to reconcile the numerous non-GAAP financial measures included in the Registration Statement violates Regulation G and constitutes a violation of Section 14(a).

## SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder)**

43. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

44. SEC Rule 14a-9 prohibits the solicitation of shareholder votes in registration statements that contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading . . . ." 17 C.F.R. § 240.14a-9.

45. Regulation G similarly prohibits the solicitation of shareholder votes by "mak[ing] public a non-GAAP financial measure that, taken together with the information accompanying that measure . . . contains an untrue statement of a material fact or omits to state a material fact necessary in order to make the presentation of the non-GAAP financial measure . . . not misleading." 17 C.F.R. § 244.100(b).

46. Defendants have issued the Registration Statement with the intention of soliciting shareholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement, which fails to provide critical information regarding, amongst other things, the

financial forecasts for the Company.

47. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to shareholders although they could have done so without extraordinary effort.

48. The Individual Defendants knew or were negligent in not knowing that the Registration Statement is materially misleading and omits material facts that are necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

49. The Individual Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Registration Statement, rendering the sections of the Registration Statement identified above to be materially incomplete and misleading.

50. The Individual Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a registration statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. The Individual Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully as the Company's directors. Indeed, the Individual Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation of the Company's

financial forecasts.

51.  Pacific Mercantile is also deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Registration Statement.

52.  The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.

53.  Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**THIRD CAUSE OF ACTION**
**(Against the Individual Defendants for**
**Violations of Section 20(a) of the Exchange Act)**

54.  Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

55.  The Individual Defendants acted as controlling persons of Pacific Mercantile within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Pacific Mercantile, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

56.  Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in preparing the Registration Statement.

58. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

59. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

60. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

61. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel,

agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until the Company discloses the material information discussed above which has been omitted from the Registration Statement;

      B.    In the event that the proposed transaction is consummated, rescinding it and setting it aside, or awarding rescissory damages;

      C.    Awarding compensatory damages against Defendants, individually and severally, in an amount to be determined at trial, together with pre-judgment and post-judgment interest at the maximum rate allowable by law, arising from the Proposed Transaction;

      D.    Awarding Plaintiff the costs and disbursements of this action and reasonable allowances for fees and expenses of Plaintiff's counsel and experts; and

      E.    Granting Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: May 4, 2021

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:   */s/ Rachele R. Byrd*
      RACHELE R. BYRD

BETSY C. MANIFOLD
RACHELE R. BYRD
MARISA C. LIVESAY
BRITTANY N. DEJONG
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

Case 2:21-cv-03790-CAS-MRW   Document 1   Filed 05/04/21   Page 18 of 18   Page ID #:18

| | |
|---|---|
| 1 | **Of Counsel**: |
| 2 | **MELWANI & CHAN LLP** |
| 3 | GLORIA KUI MELWANI |
| | 1180 Avenue of the Americas, 8th Floor |
| 4 | New York, NY 10036 |
| | Telephone: (212) 382-4620 |
| 5 | *Counsel for Plaintiff* |

11   27328

- 17 -